# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MOHAMMAD A. SYED,                        )
)
                      Plaintiff,          )
)
         v.                               )     Case Number:  1:07CV1378 (ESH)
)
EMILIO T. GONZALEZ, Director, United States  )
Citizen and Immigration Services, <u>et al.</u>,  )
)
                   Defendants.            )
)
_____ )

## <u>DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION</u>

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this

case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant

United States Custom and Immigration Services ("USCIS") has granted the I-485 application that

Plaintiff Mohammed A. Syed filed, thereby rendering this case moot and depriving the Court of

subject matter jurisdiction.  Dismissal is therefore proper under Rule 12(b)(1).  A memorandum in

support and proposed order are attached.

November 8, 2007                         Respectfully submitted,


                                         _____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         _____
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney

ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————

|                                                    |     |                              |
|----------------------------------------------------|-----|------------------------------|
| MOHAMMAD A. SYED,                                  | )   |                              |
|                                                    | )   |                              |
| Plaintiff,                                         | )   |                              |
|                                                    | )   |                              |
| v.                                                 | )   | Case Number: 1:07CV1378 (ESH)|
|                                                    | )   |                              |
| EMILIO T. GONZALEZ, Director, United States        | )   |                              |
| Citizen and Immigration Services, et al.,          | )   |                              |
|                                                    | )   |                              |
| Defendants.                                        | )   |                              |
|                                                    | )   |                              |
|                                                    | )   |                              |

———————————————————————

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants respectfully move that this case be dismissed for lack of subject matter jurisdiction because events that transpired afer the complaint was filed have made this case moot. Plaintiff's mandamus complaint seeks an order compelling Defendants to adjudicate his Form I-485 application to have his residency status adjusted to that of a lawful permanent resident of the United States. On October 2, 2007, Defendant United States Citizenship and Immigration Services ("USCIS") granted Plaintiff's application. That approval eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction. The case should therefore be dismissed as moot.

**BACKGROUND**

This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff Mohammed A. Syed, in which Plaintiff requested that USCIS exercise its discretion to make him a lawful permanent resident of the United States. See Compl. ¶¶ 1, 9, 20. The Immigration and Nationality Act permits the Attorney General "in his discretion and under such regulations as he

may prescribe," to adjust the status of an alien "to that of an alien lawfully admitted for

permanent residence." 8 U.S.C. § 1255(a). The I-485 that Plaintiff filed is an application aliens

submit to request such adjustments of status.

Plaintiff initiated this action with a mandamus complaint which asked the Court to issue

and order requiring Defendants to "properly adjudicate Plaintiff's application for action on an

approved petition," and to "provide the Plaintiff with a Notice of Approval." Compl. ¶ 24.

Plaintiff's I-485 was still pending at the time the complaint was filed. See id. ¶ 22. On or about

October 2, 2007, USCIS approved Plaintiff's I-485, and sent a notice of that approval to Plaintiff.

See Exh. 1.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the complaint

deprived the Court of any subject matter jurisdiction that may have existed. See Fed. R. Civ. P.

12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's

well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."

Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see

also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required,

however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast

as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192

(D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-

matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81;

Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look

beyond the allegations of the complaint, consider affidavits and other extrinsic information, and

2

ultimately weigh the conflicting evidence.  See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

<u>**ARGUMENT**</u>

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies.  See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997).  This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome.  See Richardson v. Ramirez, 418 U.S. 24, 36 (1974).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies."  Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness]
> doctrine requires a federal Court to refrain from deciding it if "events have so
> transpired that the decision will neither presently affect the parties' rights nor have
> a more-than-speculative chance of affecting them in the future."

3

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)).  Once a case becomes moot, the court loses jurisdiction.  See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

      In mandamus actions seeking adjudication of a pending immigration application, the mootness doctrine comes into play when the application has been processed.  See Bouguettaya v. Chertoff  472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action).  As in other mandamus actions seeking to compel agency action, immigration cases become moot when the agency takes action which grants the relief requested in the mandamus petition.  See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform.  See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

      In this case, the Court lacks subject matter jurisdiction because USCIS's approval of Plaintiff's I-485 ended any live controversy between the parties.  Plaintiff asked this Court to compel Defendants to adjudicate his I-485 application and to issue a notice of approval. Compl. ¶ 24 (Prayer for Relief).  Thereafter, without any court intervention, USCIS completed its review of Plaintiff's I-485, approved it, and sent Plaintiff a notice of approval.  See Exh. 1 (Approval

4

Notice).  Even assuming <u>arguendo</u> that Plaintiff had a viable claim at the time the complaint was

filed, he has now received the relief sought.  Therefore, this Court lacks jurisdiction and should

dismiss the case as moot.  <u>See</u> <u>Bouguettaya</u>, 472 F. Supp.2d at 2 (dismissing case as moot where

immigration application at issue had been denied).

<div align="center"><b><u>CONCLUSION</u></b></div>

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: November 8, 2007

<div style="margin-left: 40%;">

Respectfully submitted,


____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Facsimile: (202) 514-8780
Robin.Meriweather2@usdoj.gov

</div>

<div align="center">5</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November, 2007, I caused the foregoing Motion to

be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-

class mail, postage prepaid, addressed as follows:

Mohammad A. Syed
4114 Davis Place NW #319
Washington, DC 20007


            /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| MOHAMMAD A. SYED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case Number:  1:07CV1378 (ESH) |
| | ) |
| EMILIO T. GONZALEZ, Director, United States | ) |
| Citizen and Immigration Services, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

### ORDER

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2007,

ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED.

It is further ORDERED that Plaintiff's complaint be and is hereby DISMISSED for lack

of jurisdiction.

SO ORDERED.


_____
United States District Judge

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|
| SRC-06-206-51152 | | RESIDENT STATUS |
| RECEIPT DATE | PRIORITY DATE | APPLICANT A094 886 881 |
| June 26, 2006 | November 25, 2002 | SYED, MOHAMMAD A. |
| NOTICE DATE | PAGE | |
| October 2, 2007 | 1 of 1 | |

MOHAMMAD A. SYED
4114 DAVIS PL NW 319
WASHINGTON DC 20007

**Notice Type:** Welcome Notice
Section: Adjustment as direct
          beneficiary of immigrant
          petition
COA: E26

### WELCOME TO THE UNITED STATES OF AMERICA

This is to notify you that your application for permanent residence has been approved. It is with great pleasure that we welcome you to permanent resident status in the United States.

At the top of this notice you will see a very important number. It is your INS A# (A-number). This is your permanent resident account and file number. This permanent account number is very important to you. You will need it whenever you contact us.

We will soon mail you a new *Permanent Resident Card.* You should receive it within the next 3 weeks. You can use it to show your new status. When you receive your card you must carry it with you at all times if you are 18 or older. It is the law.

Please call us at **(800) 375-5283** if any of the information about you shown above is incorrect, if you move before you receive your card, or if you don't receive your card within the next 3 weeks. If you call us, please have your A# and also the receipt number shown above available. The receipt number is a tracking number for your application.

Please read the notice that comes with your card. It will have important information about your card, about your status and responsibilities, and about permanent resident services available to you.

Your new card will expire in ten years. While card expiration will not directly affect your status, you will need to apply to renew your card several months before it expires. When the time comes and you need filing information, or an application, or if you ever have other questions about permanent resident services available to you, just call our *National Customer Service Center* at **1-800-375-5283** or visit the INS website at **www.bcis.gov**. (If you are hearing impared, the NCSC's TDD number is **1-800-767-1833**.) The best days to call the NCSC are Tuesday through Friday.

Once again, welcome to the United States and congratulations on your permanent resident status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA..

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
**Customer Service Telephone: (800) 375-5283**



● *Please save this notice for your records. Please enclose a copy if you have to write us or a U. S. Consulate about this case, or if you file another application based on this decision.*

● *You will be notified separately about any other applications or petitions you have filed.*

## *Additional Information*

### GENERAL.

The filing of an application or petition does not in itself allow a person to enter the United States and does not confer any other right or benefit.

### INQUIRIES.

You should contact the office listed on the reverse side of this notice if you have questions about the notice, or questions about the status of your application or petition. *We recommend you call.* However, if you write us, please enclose a copy of this notice with your letter.

### APPROVAL OF NONIMMIGRANT PETITION.

Approval of a nonimmigrant petition means that the person for whom it was filed has been found eligible for the requested classification. If this notice indicated we are notifying a U.S. Consulate about the approval for the purpose of visa issuance, and you or the person you filed for have questions about visa issuance, please contact the appropriate U.S. Consulate directly.

### APPROVAL OF AN IMMIGRANT PETITION.

Approval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status.

A person is not guaranteed issuance of a visa or a grant of adjustment simply because this petition is approved. Those processes look at additional criteria.

If this notice indicates we have approved the immigrant petition you filed, and have forwarded it to the Department of State Immigrant Visa Processing Center, that office will contact the person you filed the petition for directly with information about visa issuance.

In addition to the information on the reverse of this notice, the instructions for the petition you filed provide additional information about processing after approval of the petition.

For more information about whether a person who is already in the U.S. can apply for adjustment of status, please see Form I-485, *Application to Register Permanent Residence or Adjust Status.*