**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MOHAMMAD A. SYED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 1:07CV1378 (ESH) |
| EMILIO T. GONZALEZ, Director, United States Citizen and Immigration Services, <u>et al.</u>, | ) ) ) ) |
| Defendants. | ) ) ) |

**ERRATA**

Defendants submit this errata to correct an error discovered in Defendants' Motion to Dismiss for Lack of Jurisdiction. Counsel for Defendants inadvertently omitted the electronic signatures in the motion previously submitted, and instead included electronic signatures only in the supporting memorandum of law. A new motion to dismiss and accompanying memorandum of, which has been corrected to include the electronic signatures, is attached hereto as Exhibit 1.

Dated: November 8, 2007       Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/ Robin M. Meriweather
　　　　　　　　　　　　　　　　ROBIN M. MERIWEATHER, D.C. Bar. # 490114
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　555 Fourth St., N.W.
　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　Phone: (202) 514-7198
　　　　　　　　　　　　　　　　Fax: (202) 514-8780
　　　　　　　　　　　　　　　　Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2007, I caused the foregoing to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first- class mail, postage prepaid, addressed as follows:

Mohammad A. Syed
4114 Davis Place NW #319
Washington, DC 20007

        /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD A. SYED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:07CV1378 (ESH) |
| | ) |
| EMILIO T. GONZALEZ, Director, United States Citizen and Immigration Services, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant United States Custom and Immigration Services ("USCIS") has granted the I-485 application that Plaintiff Mohammed A. Syed filed, thereby rendering this case moot and depriving the Court of subject matter jurisdiction. Dismissal is therefore proper under Rule 12(b)(1). A memorandum in support and proposed order are attached.

November 8, 2007

Respectfully submitted,

   /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

           /s/ Robin M. Meriweather
         ROBIN M. MERIWEATHER, D.C. Bar. # 490114
         Assistant United States Attorney
         555 Fourth St., N.W.
         Washington, D.C. 20530
         Phone: (202) 514-7198
         Fax: (202) 514-8780
         Robin.Meriweather2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD A. SYED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EMILIO T. GONZALEZ, Director, United States )<br>Citizen and Immigration Services, <u>et al.</u>, )<br>)<br>Defendants. )<br>) | Case Number:  1:07CV1378 (ESH) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants respectfully move that this case be dismissed for lack of subject matter jurisdiction because events that transpired afer the complaint was filed have made this case moot. Plaintiff's mandamus complaint seeks an order compelling Defendants to adjudicate his Form I-485 application to have his residency status adjusted to that of a lawful permanent resident of the United States.  On October 2, 2007, Defendant United States Citizenship and Immigration Services ("USCIS") granted Plaintiff's application.  That approval eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction.  The case should therefore be dismissed as moot.

## BACKGROUND

This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff Mohammed A. Syed, in which Plaintiff requested that USCIS exercise its discretion to make him a lawful permanent resident of the United States.  <u>See</u> Compl. ¶¶ 1, 9, 20.  The Immigration and Nationality Act permits the Attorney General "in his discretion and under such regulations as he

may prescribe," to adjust the status of an alien "to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). The I-485 that Plaintiff filed is an application aliens submit to request such adjustments of status.

Plaintiff initiated this action with a mandamus complaint which asked the Court to issue and order requiring Defendants to "properly adjudicate Plaintiff's application for action on an approved petition," and to "provide the Plaintiff with a Notice of Approval." Compl. ¶ 24. Plaintiff's I-485 was still pending at the time the complaint was filed. See id. ¶ 22. On or about October 2, 2007, USCIS approved Plaintiff's I-485, and sent a notice of that approval to Plaintiff. See Exh. 1.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the complaint deprived the Court of any subject matter jurisdiction that may have existed. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81; Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and

ultimately weigh the conflicting evidence.  See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

## ARGUMENT

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies.  See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997).  This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome.  See Richardson v. Ramirez, 418 U.S. 24, 36 (1974).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies."  Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)).  Once a case becomes moot, the court loses jurisdiction.  See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In mandamus actions seeking adjudication of a pending immigration application, the mootness doctrine comes into play when the application has been processed.  See Bouguettaya v. Chertoff  472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action).  As in other mandamus actions seeking to compel agency action, immigration cases become moot when the agency takes action which grants the relief requested in the mandamus petition.  See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision).  Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform.  See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

In this case, the Court lacks subject matter jurisdiction because USCIS's approval of Plaintiff's I-485 ended any live controversy between the parties.  Plaintiff asked this Court to compel Defendants to adjudicate his I-485 application and to issue a notice of approval. Compl. ¶ 24 (Prayer for Relief).  Thereafter, without any court intervention, USCIS completed its review of Plaintiff's I-485, approved it, and sent Plaintiff a notice of approval.  See Exh. 1 (Approval

Notice).  Even assuming arguendo that Plaintiff had a viable claim at the time the complaint was filed, he has now received the relief sought.  Therefore, this Court lacks jurisdiction and should dismiss the case as moot.  See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

## CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: November 8, 2007

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_\_/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Facsimile: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of November, 2007, I caused the foregoing Motion to be filed via the Court's Electronic Case Filing system, and to be served upon plaintiff by first-class mail, postage prepaid, addressed as follows:

Mohammad A. Syed
4114 Davis Place NW #319
Washington, DC 20007

                                     /s/ *Robin M. Meriweather*
                                ROBIN M. MERIWEATHER, D.C. Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
MOHAMMAD A. SYED,                       )
                                        )
         Plaintiff,                     )
                                        )
    v.                                  )  Case Number: 1:07CV1378 (ESH)
                                        )
EMILIO T. GONZALEZ, Director, United States )
Citizen and Immigration Services, <u>et al.</u>, )
                                        )
         Defendants.                    )
                                        )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2007,

ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED.

It is further ORDERED that Plaintiff's complaint be and is hereby DISMISSED for lack of jurisdiction.

SO ORDERED.

_____
United States District Judge